# EXHIBIT 3

Exhibit 3
Page 53

```
AARON A. BUCKLEY (SBN 202081)
aaron.buckley@quarles.com
NORA J. STEINHAGEN (SBN 338969)
nora.steinhagen@quarles.com
```
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant Road Runner Sports, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

**'24CV1352 CAB AHG**

| | |
|---|---|
| CATHERINE STEVENS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROAD RUNNER SPORTS, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 37-2024-00027880-CU-OE-CTL<br><br>**DEFENDANT ROAD RUNNER SPORTS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**IMAGED FILE**<br><br>Judge: Hon. Loren G. Freestone<br>Dept.: C-64<br>Action Filed: June 13, 2024<br>Trial Date: Not Set |

Defendant Road Runner Sports, Inc. ("Defendant") hereby answers Plaintiff Catherine Stevens' ("Plaintiff") unverified Class Action Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant hereby denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in Plaintiff's Complaint and, without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and/or those she purports to represent, have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. Defendant further denies that a class action can or should be certified, as alleged or otherwise, and denies that Plaintiff is entitled to injunctive relief or other relief, as alleged or otherwise.

**AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof or persuasion, Defendant asserts the following separate and affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint and each cause of action alleged therein fail to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal and Administrative Remedies)**

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust administrative remedies and/or otherwise failed to comply with the statutory prerequisites and Defendant's internal policies and procedures prior to bringing this action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Defendant alleges that Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages. To the extent Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action (if any).

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Some or all of Plaintiff's causes of action are barred because Defendant at all times acted fairly and in good faith on matters relating to Plaintiff, and any purported violation of the Labor Code, if any, was an act or omission made in good faith and for which Defendant had reasonable grounds for believing that its payment, overtime, reimbursement, and meal and rest period practices complied with applicable laws and that such act or omission was not a violation of the Labor Code, such that Plaintiff is not entitled to recover damages, penalties, attorney's fees or

costs.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts and Omissions)

The Complaint is barred because any damages allegedly incurred by Plaintiff were proximately caused by, and are attributable to her own acts and omissions and were not caused by any act or omission by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff unreasonably failed to take advantage on a timely basis of any preventive or corrective safeguards to avoid any harm Plaintiff allegedly suffered (which Defendant expressly denies).

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay Compensation)

Defendant has not willfully failed to pay any compensation and therefore is not liable for penalties.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Consent/Unclean Hands)

Some or all of Plaintiff's causes of action are barred to the extent Plaintiff has waived them by her actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Actual or Constructive Knowledge)

Plaintiff's claims are barred as to all allegedly non-compliant meal or rest periods, unpaid hours worked, or unreimbursed business expenses of which Defendant lacked actual or constructive knowledge. Defendant did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which liability is alleged to exist for Plaintiff's claims. Nor did Defendant authorize, require, request, suffer, permit, or ratify such activity by Plaintiff or any other current or former employee.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Barred by Arbitration Agreement)**

Plaintiff's civil action is barred by her agreement to arbitrate all claims arising out of her employment on an individual basis.

### TWELFTH AFFIRMATIVE DEFENSE

**(Reservation)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses and/or affirmative defenses in the event discovery indicates such an assertion is appropriate.

PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That all relief requested in Plaintiff's Complaint be denied;
2. That Plaintiff's Complaint be dismissed;
3. That Defendant be dismissed with its costs of suit and attorneys' fees; and
4. For such other relief as the Court deems proper.

Dated: July 30, 2024         QUARLES & BRADY LLP

By: /s/ Nora Steinhagen
AARON A. BUCKLEY
NORA J. STEINHAGEN
Attorneys for Defendant Road Runner Sports, Inc.

# PROOF OF SERVICE

*Stevens v. Road Runner Sports, Inc.*
Case No. 37-2024-00027880-CU-OE-CTL

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On July 30, 2024, I served true copies of the following document(s) described as **DEFENDANT ROAD RUNNER SPORTS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

Joseph Lavi
Vincent Granberry
Jeffrey M. Schwartz
Win Pham
LAVI & EBRAHIMIAN LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Telephone:  (310) 432-0000
Facsimile:   (310) 432-0001
E-Mail:       jlavi@lelawfirm.com
              vgranberry@lelawfirm.com
              jschwartz@lelawfirm.com
              wpham@lelawfirm.com

**Attorneys for Plaintiff Catherine Stevens**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION (Courtesy Copy):** I caused a copy of the document(s) to be sent from e-mail address Liz.Bojorquez@quarles.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2024, at San Diego, California.

_____
Liz C. Bojorquez